McCauley, J.
The bastardy act of February 2, 1824, Swan’s Statutes, 124, provided, “that on complaint made to any justice of the peace in this state by any unmarried woman resident therein,” the justice should issue his warrant for the arrest of the accused. This statute in terms required that the complainant should be a resident of the state. Subsequent sections of the statute provided for giving bond to the trustees of the township in which the child was born conditioned that it shall not become a township charge. In 1873, 70 Ohio Law, 111, this statute was so changed as to provide, “ that when any unmarried woman who has been delivered of, or who is pregnant with a bastard child, shall make complaint thereof in writing under oath before a justice of the peace,” the justice shall issue his warrant for the arrest of the accused. And the second section provided that when the person accused was arrested and brought before the justice, a compromise might be made by the complainant and the accused, and that when “the party accused shall pay or secure to be paid to the complainant such sum of money, or other property as she may agree to receive in full satisfaction, and shall further give bond to the trustees of the township in which such complainant shall reside, conditioned to save such township free from all charges towards the maintenance of said child, the justice shall discharge the party accused out of custody.”
The fourth section of this act preserves the local nature of the proceeding by the provision that in a . certain case, the justice may bind the accused in a recognizance to appear at the next term of the court of common pleas in a sum not less than three hundred dollars nor more than six hundred dollars, for the benefit of the township in which such bastard child shall be born, to answer such accusation. The second, third, and fourth sections of this act are similar to corresponding sections of the act of 1824. And while the requirement that the complainant shall be a resident of the state is left out of the first section, the local features of the act in other respects remain.
The Revised Statutes, sections 5614-5638, have none of *284 the local features of the older statutes. The complaint maybe made by an unmarried woman who has been delivered of, or who is pregnant with a bastard child. All recognizances for the appearance of the accused party, and all security for the maintenance and support of the child are required to be given for the benefit of any county, township, or municipal corporation within the state in which such bastard child may become a charge. This radical change of a statute which authorized a proceeding to be commenced only by a resident of the state, and in which 'many of the objects of the proceeding were for the benefit of the township in which the mother resided, or in which the child was born, into a proceeding without limitation as to residence of the complainant, and in which the remedies provided are for any locality that may become interested in the support of the child has enlarged its application to any case in which jurisdiction of the defendant or his property may be had within the state. Casting off the limitations that formerly surrounded the proceeding is only following the changes in the statutes.
Residence in the state, when the cause of action arose, or when proceedings are commenced is not necessary to maintain any other kind of action or proceeding. In many cases the same action or proceeding may be maintained in any state, depending altogether upon what the faót is as to the place where the defendant may be summoned or jurisdiction otherwise acquired of the person. If the complainant in bastardy, although the child was begotten and born in another state, and the mother and child still remain residents of such state, can, by coming into this state, get jurisdiction of the defendant under our statute, there is nothing in the statutes, nor in the reason or purpose of the proceeding to hinder her from maintaining the proceeding here.

Judgment affirmed.